**Victor David BRACAMONTES-ELIZONDO, Petitioner-Appellant,**

v.

**Jason BRYANT, Warden, Respondent-Appellee.**

**No. 17-6155**

United States Court of Appeals, Tenth Circuit.

Filed January 18, 2018

(D.C. No. 5:16-CV-01405-F) (W.D. Oklahoma)

Victor David Bracamontes-Elizondo, Pro Se

Diane L. Slayton, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent-Appellee

Before MATHESON, KELLY, and MURPHY, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Michael R. Murphy, Circuit Judge

This matter is before the court on Victor David Bracamontes-Elizondo's pro se request for a certificate of appealability ("COA"). Bracamontes-Elizondo seeks a COA so he can appeal the district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from "a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" without first obtaining a COA); *id.* § 2244(d)(1)(A) (setting out a one-year statute of limitations on § 2254 petitions running from the date on which the conviction became final). Because Bracamontes-Elizondo has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In a detailed Report and Recommendation, a magistrate judge concluded Bracamontes-Elizondo's Oklahoma state conviction for Aggravated Trafficking in Illegal Drugs became final on August 2, 2013. In so doing, the magistrate judge thoroughly explained why Bracamontes-Elizondo was in error in asserting his state court conviction became final at some later date under the provisions of 28 U.S.C. § 2244(d)(1)(A)-(C). The magistrate judge further recommended that the district court deny Bracamontes-Elizondo's request for statutory tolling, *id.* § 2244(d)(2), and equitable tolling, *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). Upon de novo review, the district court adopted the Report and Recommendation and dismissed Bracamontes-Elizondo's § 2254 habeas petition with prejudice.

The granting of a COA is a jurisdictional prerequisite to Bracamontes-Elizondo's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336, 123 S.Ct. 1029 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In evaluating whether Bracamontes-Elizondo has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338, 123 S.Ct. 1029. Although Bracamontes-Elizondo need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay on this standard, we review for abuse of discretion the district court's decision that Bracamontes-Elizondo is not entitled to have the limitations period set out in § 2244(d)(1) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Bracamontes-Elizondo's appellate filings, the magistrate judge's Report and Recommen-

dation, the district court's Order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack,* we conclude Bracamontes-Elizondo is not entitled to a COA. The district court's resolution of Bracamontes-Elizondo's § 2254 motion is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, this court has nothing to add to the cogent analyses set out in the magistrate judge's Report and Recommendation and the district court's Order of Dismissal. Accordingly, this court **DE-NIES** Bracamontes-Elizondo's request for a COA and **DISMISSES** this appeal.